IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Todd L. Moss,<br>*a/k/a Todd Lamar Moss,*<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>United States of America; Ms. Mildred Rivera,<br><br>　　　　　　　　Respondents.<br>_____ | C/A No.: 0:10-2482-HMH-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The Petitioner, Todd L. Moss ("Petitioner"), a self-represented federal prisoner, filed this habeas corpus action pursuant to 42 U.S.C. § 2241 challenging his designation as an armed career criminal. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Armed Career Criminal Act ("ACCA") imposes a mandatory minimum fifteen-year sentence on felons who unlawfully possess, among other things, firearms, and who also have three or more previous convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1). Petitioner was sentenced as a career criminal based, in part, on prior state convictions—one of which was a conviction for failure to stop for a blue light. At the time of Petitioner's sentencing, the law in this Circuit was clear; In United States v. James, the Fourth Circuit had held that a South Carolina failure to stop for a blue light violation, S.C. Code Ann. § 56-5-750(A), constituted a violent felony under the ACCA. 337 F.3d 387, 390-91 (4th Cir. 2003). Petitioner asks this court to vacate his criminal sentence with prejudice and order that he be immediately released from federal custody.

## BACKGROUND

In 2008, the United States Supreme Court ruled in the case of <u>Begay v. United States</u>, --- U.S. ----, 128 S.Ct. 1581, 170 L.Ed.2d 490 (April 16, 2008) that a DUI is not a violent felony. Based on the holding in <u>Begay</u>, the Fourth Circuit ruled in <u>U.S. v. Roseboro</u>, 551 F.3d 226 (4th Cir. 2009) that failure to stop for a blue light is not a violent felony under the ACCA.

On August 24, 2005, Petitioner pled guilty to one count of conspiring to distribute or possess with intent to distribute one hundred grams or more of heroin. On November 1, 2005, Petitioner was sentenced to one hundred fifty-one months' imprisonment. Petitioner was represented by counsel at his plea and sentencing.

Petitioner filed a direct appeal on November 9, 2005, and in an opinion dated August 31, 2006, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. <u>United States v. Moss</u>, No. 05-5133, 2006 WL 2520299, at *1 (4th Cir. Aug. 31, 2006). The Fourth Circuit entered the mandate on November 9, 2006. Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which the Court denied on June 29, 2007. <u>Todd Lamar Moss v. United States</u>, 127 S.Ct. 3060 (U.S. 2007).

Petitioner filed his first Section 2255 motion to vacate, set aside, or correct his sentence on June 26, 2008. In this Motion, he alleged that trial counsel was ineffective for failing to object to Petitioner's classification as a career offender pursuant to the United States Sentencing Guidelines ("U.S.S.G.") §4B1.1. Specifically, Petitioner asserted, among other things, that his prior conviction for failure to stop for a blue light did not constitute a crime of violence pursuant to §4B1.1. In support of this argument, Petitioner cited the holding in <u>Begay</u>.

The assigned United States District Court Judge ruled that the Fourth Circuit had specifically found, *inter alia*, that failing to stop for a blue light qualified as a crime of violence under South Carolina law, citing to U.S. v. James, 337 F.3d 387, 390-91 (4th Cir. 2003). The Court did not address the holding in Begay, and the motion to vacate was dismissed.

Thereafter, Petitioner filed a Rule 59(e) motion arguing that the District Judge failed to address the issue raised in light of Begay. A motion to alter or amend the judgment under Rule 59(e), however, may only be made upon three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, the motion was denied.

Petitioner appealed the denial of his Section 2255 motion and also the denial of his Rule 59(e) motion to the Fourth Circuit Court of Appeals.

Petitioner also filed a motion for certificate of appealability ("COA") pursuant to Section 2253, questioning whether the 4th Circuit's holding in James was still good law in light of the decision in *Begay,* and also based on the holding in Taylor v. United States, 495 U.S. 575 (1990) wherein the U.S. Supreme Court held that a categorical approach was the appropriate means of determining whether a prior conviction qualifies as a predicate offense for sentence enhancement.

The 4th Circuit consolidated Petitioner's appeals of the 2255 and Rule 59 motions with the COA. They denied the COA, and dismissed the appeal.

Petitioner sought rehearing and rehearing en banc which were denied. Petitioner also sought "disclosure of exculpatory evidence" (requesting the grand jury ballot and the

grand jury minutes), permission to file a successive Section 2255 petition, and a "request for appearance bond."  All three motions were denied.

Petitioner filed a Rule 60(b) motion citing to United States v. Rivers, 595 F. 3d. 558 (4th Cir. 2010) (violation of S.C. blue light statute is not a violent felony under the ACCA). Construing this motion as one filed pursuant to Section 2255, the court denied the motion as successive.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; 28 U.S.C. § 1915A; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow

the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

Petitioner is attacking the validity of his sentence, which is a claim that should normally be brought under 28 U.S.C. § 2255 unless Petitioner can satisfy the savings clause of § 2255. See San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002). The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test provided in In re Jones, 226 F.3d 328 (4th Cir. 2000), which requires that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. Id. at 333-34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing

Guidelines, even as to the armed career criminal provision. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." ); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34). Accordingly, Petitioner has not raised a claim that may be presented in a § 2241 petition, and he has not demonstrated that he has been granted leave from the Fourth Circuit to file a successive § 2255 petition.

## RECOMMENDATION

Accordingly, the court recommends that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 15, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).